# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

GRICE CONSTRUCTION, LLC,

    Plaintiff,

v.

FOREMOST INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO.
2:07-CV-0131-RWS

## **ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment [Dkt. No. 31] and Plaintiff's Motion for Summary Judgment [Dkt. No. 38]. After considering the entire record, the Court enters the following Order.

## **Background**[1]

This case arises from a dispute over an insurance contract. Plaintiff Grice Construction, LLC, (hereinafter "Grice Construction") filed suit against Defendant Foremost Insurance Company (hereinafter "Foremost") for the

---

[1] These facts are taken primarily from Defendant's Statement of Undisputed Material Facts [31-2].

allegedly improper denial of an insurance claim and for bad faith. Plaintiff originally filed the action in State Court, but Defendant subsequently removed it to this Court pursuant to 28 U.S.C. § 1332.

Grice Construction is a residential renovation and construction company owned and operated by Mr. John David Grice. Grice Construction submitted a "Georgia Specialty Dwelling Insurance Application" to Foremost for insurance coverage on a dwelling located at 13004 Old Highway 76, Morganton, Georgia. See Insurance Application, [Dkt. No. 32-2]. In this application, Plaintiff represented that the home was located within 1,000 feet of a fire hydrant and that only one prior loss had occurred at any of Grice's properties in the prior five years, a lighting strike to Mr. Grice's personal home in November 2001.[2] Id. Based on this information, Foremost provided insurance coverage to Plaintiff.

---

[2] Foremost's agent, Farner, instructed Mr. Grice not to distinguish between losses to property he owned individually and losses to property his company, Grice Construction, LLC, owned in its name when completing the prior loss section of the application. Dep. of Farner, [Dkt. No. 34] at 34-35, 54; Dep. Of Grice, [Dkt. No. 35] at 68-69. It is also clear from the record that Mr. Grice did not distinguish between property he owned individually and property owned by Grice Construction. Dep. of Grice, [Dkt. No. 35] at 17.

2

However, according to answers to interrogatories filed by Plaintiff on February 18, 2008, "[i]n August 2006, there was a fire to property owned by John David Grice. John David Grice did not have insurance to cover this loss." (Ans. To Int. [31-18] at ¶ 24.) The affidavit of John David Grice is submitted with the response to the Defendant's motion for summary judgment [43]. In his affidavit, Grice states that he learned after the August fire, but before the September 14, 2006 insurance application, that he did not actually own the property that was the subject of the August 2006 loss. (Grice Aff. [43-2] at ¶ 5.) "[T]estimony of a non-moving party in his own behalf which is contradictory, vague or equivocal will be construed against such party, unless a reasonable explanation is offered to explain the contradiction." Worley v. State Farm Mut. Auto. Ins. Co., 208 Ga. App. 805, 807, 432 S.E.2d 244 (1993). Plaintiff has failed to offer a reasonable explanation for the contradiction between his answers to interrogatories provided February 18, 2008, and his affidavit dated June 19, 2008. Therefore, the Court will not consider Grice's testimony given in his Affidavit.

On January 3, 2007, the residential structure located at the insured property was destroyed by a fire. Grice Construction alleges that the fire was

3

the result of arson and claims that the damages incurred as a result of the fire were covered under the subject policy. Defendant denied the claim, citing alleged material misrepresentations in Plaintiff's application, including the alleged non-disclosure of prior loss history and alleged misrepresentation of the distance of a fire hydrant from the structure.

The dwelling was also subject to a mortgage from The Home Bank n/k/a Branch Banking and Trust (hereinafter "BB&T"). Grice Construction and BB&T submitted proof of loss forms in the amount of $545,000, which is its policy limit. In late July 2007, Foremost denied the claim submitted by Grice Construction and voided the policy *ab initio* based on alleged misrepresentations in the insurance application, including the non-disclosure of prior fire losses.

## Analysis

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

4

judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th

5

Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). With this standard as a foundation, the Court turns to address the merits of the parties' Motions.

### B. Cross-Motions for Summary Judgment

Plaintiff moves for summary judgment, arguing that no material issue of fact exists as to whether Foremost was obligated to cover Grice Construction's claimed losses under their insurance policy. Defendant also moves for summary judgment, arguing that the material facts and law support its position that false statements on the application constitute material misrepresentations,

6

and that Foremost was justified in denying coverage to Plaintiff and voiding the subject policy *ab initio*.

Foremost argues that it was justified in voiding the policy and denying the claim because of an unreported prior loss and because of Grice Constructions' misrepresentation regarding the distance between the property at issue and the nearest fire hydrant. These are the two primary reasons presented by Defendant in support of both the denial of Plaintiff's Motion for Summary Judgment and in support of Defendant's own Motion for Summary Judgment.

First, the record shows Grice Construction failed to report a fire that occurred on August 6, 2007, just thirty-nine days before signing the insurance application at issue in this case. The fire occurred at a home being built by Mr. Grice. See 2006 Fannin County Incident Report # 10849, [Dkt. No. 31-10]; Dep. of Grice, [Dkt. No. 35] at 88. Grice Construction has admitted that "[i]n August 2006, there was a fire to property owned by John David Grice." Interrogatory Responses, [Dkt. No. 17] at ¶ 24. Furthermore, the August 2006 fire may have been due to arson, directed particularly at Mr. Grice. See Dep. of Grice [Dkt. No. 35] at 86 (stating that Mr. Grice believes the fire was caused by Mr. Tony Brown, who was attempting to set fire to Mr. Grice's property). It is

7

Foremost's position that this instance should have been reported by Mr. Grice on the application for insurance. Foremost also argues that if the August 6, 2006 fire had been reported on the insurance application, Foremost would not have issued a policy to Grice Construction. See Crater Affidavit at ¶ 14.

Foremost cites a second, separate basis for voiding Grice Construction's policy: the alleged misrepresentation regarding the distance between the structure at issue and a fire hydrant. While the application indicates that the home is within 1,000 feet of a fire hydrant, it is undisputed that this is a false statement. See Dep. Of Grice, [Dkt. No. 35] at 62 ("Q: We are all in agreement that it's more than a couple thousand feet and less than a mile in terms of the fire hydrant? A: Yes, sir."). As with the non-disclosure of prior losses, Foremost contends that had this information been known at the time of the application, the policy would have been written at a higher protection class and the annual premium would have been higher. Foremost indicates that the lack of a fire hydrant within 1,000 feet of the property materially affected the risk assumed by the insurer.

Under Georgia law, an insurer is "entitled to rely upon all statements, declarations, and representations made by an applicant for insurance . . . and no

8

insurer shall incur any legal liability except as set forth in the policy, by virtue of any untrue statements, declaration, or representations so relied upon in good faith by the insurer." O.C.G.A. § 33-24-6(c). By statute, an insurer may void or rescind an insurance policy for material misrepresentations or non-disclosures in the insured's insurance application. O.C.G.A. § 33-24-7. Where an insurer establishes the existence of misrepresentations and proves that those "incorrect statements were material to [the] company's acceptance of the risk" through an affidavit, summary judgment is properly granted. Taylor v. Georgia Int'l Life Ins. Co., 207 Ga. App. 341, 342; 427 S.E.2d 833 (1993). These misrepresentations need not be intentional; even innocent misrepresentations justify the voiding of the policy *ab initio*, if they were material to the risk. O.C.G.A. § 33-24-7.

Here, the two instances of misrepresentations on the insurance application are material to the insurer. The misrepresentation regarding prior losses would be material, especially considering that the prior loss may have involved an arsonist directing his attempts at properties owned by Grice. And the misrepresentation concerning the proximity of a fire hydrant to the insured property would certainly be material to an insurer in considering the amount of

9

coverage as well as the amount of the premiums. These two misrepresentations go directly to the risk taken by the insurer, and would be material to the insurer's decision to accept that risk. Therefore, the Court concludes that Defendant is entitled to summary judgment.

With regard to Plaintiff Grice Construction's Motion for Summary Judgment, the Court finds that Plaintiff fails to address the reasons given by Defendant for denying coverage. In light of the Court's finding that Defendant is entitled to summary judgment, Plaintiff's Motion for Summary Judgment is due to be denied.

## Conclusion

In conclusion, Defendant's Motion for Summary Judgment [Dkt. No. 31] is hereby **GRANTED**, and Plaintiff's Motion for Summary Judgment [Dkt. No. 38] is hereby **DENIED**.

**SO ORDERED**, this   31st   day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge